## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** , | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. **5:15-CR-50040-TLB** |
| | ) | |
| **DAVID S. DUFFIN**, | ) | |
| Defendant | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the defendant, **David S. Duffin**, by the Office of the Federal Public Defender and its attorney, **Jack Schisler,** and does hereby respectfully move this Court as to the following: to grant a variance from the advisory guideline range of Life, and to sentence Mr. Duffin to a term of 324 months custody.  The motion is based upon the following:

### *Procedural Background*

Mr. Duffin was convicted on August 19, 2015 after a three-day jury trial of transporting a minor across state lines for the purposes of engaging in sexual activity in violation of 18 U.S.C. § 2423(a).  The final Presentence Investigation Report (PSI) was filed February 2, 2016 (Doc. 31).  The PSI calls for an advisory guideline range of life based on a total offense level of 43 and a criminal history category of I.[1]  There is one outstanding objection to the PSI concerning the application of a cross reference from the guideline for transportation to the guideline for production of child pornography.

### *Facts*

Regarding the outstanding objection, the PSI, at paragraph 45, discusses the

---

[1]The total offense level was capped at 43, but prior to capping, stood at 49.

application of U.S.S.G. § 2G2.1.  The cross reference was based on relevant conduct, specifically photographs found on Mr. Duffin's phone sometime during or after the trial had commenced regarding the transportation charge.  Counsel for Mr. Duffin was made aware of these images on December 18, 2015, and the images were subsequently identified as child pornography involving the minor victim who was the subject of the transportation charge on December 28, 2015.  Mr. Duffin was never formally charged with production of child pornography.

The change to the guideline range as a result of the cross reference is dramatic. As calculated prior to the application of the cross reference, Mr. Duffin's total offense level was level 36.  PSI, ¶ 44.  With a criminal history category of I, the advisory range was 188 to 235 months.[2]  After application of the cross reference, the total offense level became the maximum level on the sentencing table, level 43.  The advisory sentence called for, regardless of criminal history, is life in prison.  There is no parole in the federal system, and a life sentence results in a defendant so sentenced dying in prison.

As to an appropriate sentence under 18 U.S.C. § 3553(a), this Court should recognize that Mr. Duffin has zero criminal history points.  There is no other criminal conduct in his past.  He does face charges in Benton County, Arkansas, but they are directly related to the instant offense.  PSI, ¶ 68.  A guideline calculation by way of the cross reference does not take into account his status in criminal history category I, nor

---

[2]Although not a part of the calculation for the transportation charge, ¶ 59 discusses that a 5-level enhancement for a pattern of activity would apply in calculating the range under either the transportation guideline, or the production guideline.  Adding this 5-level enhancement to base offense level 36 would raise that level to 41, making the advisory range absent the cross reference 324 to 405 months, still substantially less than life.

does it recognize that he has zero points (at age 44), which makes him qualitatively different from those with one criminal history point, as those individuals could have suffered a prior felony conviction.

Although the offense is considered violent based on the relative ages of the victim and Mr. Duffin, the offense did not involve overt violence. Trial testimony indicates that the victim went willingly with Mr. Duffin, although he concedes that she was not legally capable of consent. Nevertheless, the Court should consider that the actual travel from Illinois to Arkansas was peaceful, and did not involve threats or coercion.

## *Law & Analysis*

Mr. Duffin objects to the application of the cross reference to the production of child pornography. While the application of the cross reference is technically correct, the fact that this conduct, which could have been the subject of separate, and more serious charges, calls into question the fundamental fairness of the proceedings against him. Mr. Duffin's phone was seized upon his arrest in April of 2015. It is counsel's understanding that on the day of trial, August 17, 2015, the phone where the images were eventually found, had not been forensically examined because the agency which possessed it did not have the software to conduct the examination without potentially destroying the evidence. After transferring the phone to another agency, the images, which had been deleted from the phone, were recovered, and it was not until December 28, 2015 that the images were reviewed with the victim to determine that the images depicted a minor, and that the images qualified as child pornography. This information was then used to substantially enhance Mr. Duffin's sentencing range as discussed

*supra.*  Mr. Duffin was essentially deprived of his right to trial on substantive offenses more severe than the charge for which he was tried and convicted.  Had the child pornography conduct been formally charged along with the transportation charge, Mr. Duffin would then have had the opportunity to decide how to proceed in light of all the charges.  That decision ultimately could have led to a plea bargain to a lesser offense, which would have avoided a trial, and afforded him the opportunity to receive a reduction for acceptance of responsibility, or at a minimum, to argue his acceptance should be considered by the Court whether he received the reduction or not.  While this outcome is speculative, based on the way the investigation and prosecution was carried out, speculation is all that was left to Mr. Duffin, as the concept of relevant conduct is being used to convict him without a trial on a more serious crime, and with a much lower standard of proof.  When sentences are based on relevant conduct, and that relevant conduct is more serious than the instant offense, a critical flaw in the guidelines system is revealed.  Whether this outcome is deemed a necessary evil, or simply the best the current system can offer, it has the appearance of impropriety, and smacks of unfairness.  While counsel does not believe the after-the-fact discovery and production of this evidence was intentional, should not Mr. Duffin, who is facing a massive prison sentence either way, being given the benefit of a doubt?  It seems that the parsimony principle of 18 U.S.C. § 3553(a) would suggest that under the specific facts of this case, a variance to the range of 324 to 405 months is warranted.

Since 2005, the guidelines have been considered advisory, and are now just one of several criteria a sentencing court considers when imposing a sentence.  *United States v. Booker,* 543 U.S. 220, 223 (2005).  The process a sentencing court must

follow since *Booker* involves three steps; first, it must determine the appropriate advisory range, then examine the propriety of a traditional departure under the guidelines, and finally consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether to vary from the guidelines. *See U.S. v. Garlewicz* 493 F.3d 933, 937 (8th Cir. (2007).

An appropriate sentence will be one sufficient but not greater than necessary to effectuate the purposes of sentencing. This parsimony principle instructs the use of the least amount of resources to formulate a sentence that combines punishment with necessary educational, medical, or other rehabilitative services.

Mr. Duffin will unquestionably be deterred from future criminal conduct by a sentence of 324 months. A sentence of 27 years in custody would conclude with Mr. Duffin being 71 years old. He would then commence a term of supervised release that could be for as long as the rest of his life. That sentence would also comport with the other § 3553(a) factors, and while it is not the most severe sentence imaginable, it can certainly be characterized as a just punishment.

<u>Conclusion</u>

For the foregoing reasons, Mr. Duffin asks the Court to consider a variance from the advisory range of Life to a sentence of 324 months, followed by a term of supervised release of not less than five years.

WHEREFORE, Mr. Duffin asks the Court to impose the suggested sentence.

Respectfully submitted,

BRUCE D. EDDY
FEDERAL PUBLIC DEFENDER
WESTERN DISTRICT OF ARKANSAS

By:   /s/ *Jack Schisler*             
Jack Schisler
Assistant Federal Public Defender
3739 N. Steele Blvd., Ste. 280
Fayetteville, AR 72703
(479) 442-2306

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to registered CM/ECF users.

/s/ *Jack Schisler*           
Jack Schisler