IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA        PLAINTIFF/RESPONDENT

v.            No. 15-50040

DAVID DUFFIN           DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a pro se 28 U.S.C. § 2255 Motion (Doc. 50) filed by the Defendant/Movant David Duffin (hereinafter "Defendant") and the Government's Response (Doc. 53). While afforded the opportunity to file a Reply (Doc. 42), Defendant did not do so. An evidentiary hearing is not warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. See 28 U.S.C. § 2255(b); Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows.

### BACKGROUND

On June 3, 2015, an Indictment was filed charging the Defendant with transporting a 13-year-old in interstate commerce with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). (Doc. 1.) On August 10, 2015, Defendant signed a written plea agreement, agreeing to plead guilty to the charge. The plea agreement set out the applicable penalties of a mandatory minimum term of imprisonment of ten years, and a maximum term of imprisonment of up to life. (Doc. 53-2.) A change of plea hearing was scheduled, but was subsequently cancelled because the Defendant changed his mind about pleading guilty and elected to proceed to a jury trial. The trial commenced on August 17, 2015, and the jury returned

a guilty verdict on August 19, 2015. (Doc. 26.) On February 24, 2016, a judgment was entered sentencing the Defendant to 420 months imprisonment, supervised release for life, and a $15,000.00 fine. Defendant appealed and his conviction and sentence were affirmed on January 23, 2017. (Doc. 49.) United States v. Duffin, 844 F.3d 786 (8th Cir. 2016). Defendant filed the § 2255 motion currently before the Court on February 20, 2018 (Doc. 50.)

## DISCUSSION

### Ground One

For his first ground for relief, Defendant asserts that his counsel was ineffective in failing to inform him of the "exact Agreement that [the] Government offered, instead stated that it would be an agreement for 15-20 years if I had pleaded guilty." Defendant further asserts that counsel "came back 5 time[s] with the exact same plea offer," and "did not counter Government offer . . . even though I told him that it was to[o] much time that was offered." (Doc. 50 at pg. 4.)

The right to effective assistance of counsel extends to the plea-bargaining process, such that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168 (2012). In order to establish ineffective assistance of counsel, Defendant must demonstrate that his counsel's performance was both deficient and prejudicial. See Strickland v. Washington, 466 U.S. 669, 693 (1984). In determining whether counsel's conduct was deficient, there is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Id. at 689. To demonstrate that counsel's performance prejudiced his defense, Defendant must show that there is a reasonable probability that, but for his counsel's alleged errors, the result of

the proceedings would have been different. Id. at 694.  Specifically, in this case, Defendant must show that, but for his counsel's advice, he would have accepted the plea.  See Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199 (2004).

The undersigned sees no merit to Defendant's assertion that counsel failed to inform him of the exact agreement offered by the Government.  The written plea agreement, which is attached to the Government's Response (Doc. 53-2) to Defendant's § 2255 motion, was signed by the Defendant, but was never filed because the Defendant changed his mind about pleading guilty.  The written plea agreement sets out the exact agreement offered by the Government. Defendant's contention that counsel informed him that the agreement would be for 15-20 years is belied by the written agreement, which correctly set out the ten-year minimum and lifetime maximum penalties.  Further, the written plea agreement specifically stated that Defendant could be sentenced to any sentence within the statutory range and that no promises, agreements or understandings had been made to him that were not set forth in the plea agreement.

As to Defendant's assertion that counsel failed to counter the Government's plea offer, Defendant does not explain what type of plea agreement would have been acceptable to him. As pointed out by the Government, between the time of his trial and his sentencing hearing, the Defendant wrote a letter to the minor victim stating, "I took it to trial just so I could see you one last time."  (PSR ¶ 18.)  Thus, it appears that Defendant's decision to go to trial was motivated by seeing the minor victim at trial, rather than by counsel's alleged failure to secure a more favorable plea agreement.  Moreover, there is no indication that the Government had any incentive to bargain with the Defendant, given the overwhelming evidence against him, including his own confession and the victim's testimony.

AO72A
(Rev. 8/82)

The undersigned, therefore, sees no merit to Defendant's claims regarding his counsel's performance in negotiating a plea.

**Ground Two**

Defendant asserts that his counsel denied him the right to testify on his own behalf. Specifically, Defendant contends that his counsel informed him that if he testified, the Government would call witnesses that could "hurt [his] case further," but the Government called them anyway at his sentencing hearing.

Absent a showing that his trial counsel unduly influenced or coerced him not to testify, Defendant waived his right to testify by remaining silent after his trial counsel rested without calling him as a witness. See Hines v. United States, 282 F.3d 1002, 1004 (8th Cir.), cert. denied, 537 U.S. 900 (2002). Defendant has made no showing of undue influence or coercion by his counsel. To the contrary, the trial transcript demonstrates that the Defendant knowingly and voluntarily waived his right to testify. Trial counsel informed the Court, "Mr. Duffin has decided not to testify.... I would ask the Court to discuss with Mr. Duffin that testifying is his absolute right and to determine whether or not he's made the decision not to testify freely and voluntarily." (Doc. 46-3 at pg. 663.) The Court then fully informed Defendant of his right to testify and of the advantages and disadvantages, such as subjecting himself to cross-examination. Defendant stated on the record that he understood his right to testify or not testify and that his counsel had answered any and all questions he had about whether it would be advisable to testify. When specifically asked by the Court, Defendant stated that he was waiving his right to testify, that it was a knowing and informed decision, and that he did not have any hesitation or reservation about his decision. (Id. at pgs. 664-66.)

Further, Defendant does not state what he would have testified about or how that testimony would have changed the outcome of his trial. Thus, Defendant has failed to establish how his attorney's alleged deficient performance regarding his right to testify prejudiced his defense, as required by Strickland. See Hines, 282 F.3d at 1004.

The undersigned, therefore, sees no merit to Defendant's claim that his counsel denied him the right to testify.

### Ground Three

Defendant asserts that his counsel was ineffective in failing to cross-examine ten of the Government's witnesses because counsel did not believe these witnesses "hurt[] [Defendant's] case at all." (Doc. 50 at pg. 7.) Defendant also asserts that his counsel was ineffective in failing to call any witnesses to testify on the Defendant's behalf.

The undersigned first notes that the evidence of Defendant's guilt was overwhelming. As observed by the Eighth Circuit in Defendant's direct appeal:

> Duffin concedes he transported Jane Doe in interstate commerce [from Illinois to Arkansas], Jane Doe was under the age of fourteen years old at the time of travel, and sexual intercourse with a person less than fourteen years of age is a crime under the law of Arkansas.... Jane Doe's testimony that (1) Duffin planned to hold her out as his daughter in Arkansas while still having sexual intercourse with her, and (2) they engaged in sexual intercourse immediately after arriving in Arkansas provides sufficient circumstantial evidence that a reasonable jury could find Duffin had the intent of transporting Jane Doe across state lines to engage in criminal sexual activity.

Duffin, 844 F.3d at 790-91.

"'[T]he Eighth Circuit has found constitutionally deficient performance of trial counsel based on ineffective cross-examination where counsel allowed inadmissible devastating evidence before the jury or when counsel failed to cross-examine a witness who made grossly inconsistent

AO72A
(Rev. 8/82)

prior statements.'" Ford v. United States, 917 F.3d 1015, 1023 (8th Cir. 2019) (quoting United States v. Orr, 636 F.3d 944, 954 (8th Cir.), cert. denied, 565 U.S. 1063 (2011)).  The Defendant makes only a conclusory allegation that counsel failed to cross-examine witnesses and does not identify any issues the witnesses should have been cross-examined about or how such cross-examination would likely have resulted in a different outcome.  Defendant has, therefore, failed to demonstrate either that counsel's assistance was deficient or that he was prejudiced by counsel's decision not to cross-examine certain witnesses.

As to counsel's decision not to call any witnesses, the "'decision not to call a witness is a virtually unchallengeable decision of trial strategy.'" Ford, 917 F.3d at 1024 (quoting United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005).  Again, Defendant makes only a conclusory assertion that counsel failed to call witnesses.  Because Defendant has "'made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, he has failed to prove either that counsel's assistance was ineffective or prejudice.'" Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir.), cert. denied, 533 U.S. 917 (2001) (quoting Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998)).

The undersigned, therefore, sees no merit to Defendant's ineffective-assistance claim regarding the cross-examination or calling of witnesses.

## CONCLUSION

Based upon the forgoing, the undersigned recommends that the Defendant's § 2255 motion (Doc. 50) be **DENIED** and **DISMISSED WITH PREJUDICE**.

AO72A
(Rev. 8/82)

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998). The undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 12th day of November, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)